IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BERNARD BEY                                                                                              PLAINTIFF

v.                                            Case No. 4:24-cv-04007

SHERIFF JAMES SINGLETON,
Hempstead County, Arkansas;
AL; JUSTINE CRANE; DORMAN;
and OLLIE a/k/a FROG                                                                         DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation ("R&R") filed May 15, 2024, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 13). Plaintiff Bernard Bey ("Plaintiff") has objected and filed a supplement. (ECF No. 14; ECF No 15). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On January 22, 2024, Plaintiff filed his Complaint. (ECF No. 1). On January 30, 2024, Plaintiff filed an Amended Complaint. (ECF No. 6). On March 5, 2024, Judge Bryant issued an Order notifying Plaintiff that his Amended Complaint was deficient and directing Plaintiff to file a second Amended Complaint. (ECF No. 7). On April 4, 2024, Plaintiff filed his second Amended Complaint. (ECF No. 10; ECF No. 11). Plaintiff's second Amended Complaint is largely devoid of allegations or information. Plaintiff simply repeats "color of the law" seven times, "none [sic] citizen" seven times, "due process of the law" six times, and "defimation [sic] character" six times throughout the form. (ECF No. 10, at 1-11). Plaintiff provides "James Singleton" and "Al" under the defendants involved section of the form. (ECF No. 10, at 4). On April 11, 2024, Plaintiff filed a supplement to his second Amended Complaint stating:

> My name is Bernard Bey. I am not a U.S. Citizen and on my passport it states do not detain and do not mess with. I wanna bring up Justin Crane with drug task force and Dormen with drug task force with Ollie AKA "frog" that he found 32.5 grams of meth on the side of the road and when it came back weighing 25 grams. It only takes .0410 to test and I want to know where the other 7 grams are. I want to bring a 5 million dollar lawsuit on all 3 of them and there job TAKEN. Thank you for your help. Big Judge Cullpepper has changed my name so why is it so hard to sentence me under the right name. Not a U.S. Citizen. Color of the Law Due Process of the Law Defimation Character.

(ECF No. 13, at 3; ECF No. 11, at 1-2).

On May 15, 2024, Judge Bryant filed the instant R&R. (ECF No. 13). Judge Bryant recommends that Plaintiff's case be dismissed without prejudice for failure to state a claim upon which relief may be granted. (ECF No. 13, at 6). Judge Bryant interprets Plaintiff's filings to state: (1) a claim that Defendants James Singleton ("Defendant Singleton") and Al ("Defendant Al") violated his due process rights because he is not a citizen of the United States; (2) a claim that Defendant Singleton and Defendant Al defamed Plaintiff's character; and (3) a claim that Defendants Justin Crane ("Defendant Crane"), Dorman ("Defendant Dorman"), and Ollie ("Defendant Ollie") somehow violated Plaintiff's rights related to methamphetamines on the side of the road. (ECF No. 13, at 4). Judge Bryant then recommends that the Court find: (1) that defamation is not actionable under 43 U.S.C. 1983; (2) that Plaintiff's claims surrounding his alleged non-citizen status fail to allege a plausible constitutional claim; (3) that Plaintiff cannot use § 1983 as a substitute for 28 U.S.C. § 2254 relief; and (4) that Plaintiff is barred from seeking damages for unconstitutional conviction or imprisonment by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).

On May 28, 2024, Plaintiff filed objections to the R&R. (ECF No. 14). Plaintiff's objections broadly appear to allege that he should not have been arrested because he is a non-citizen and has a "do not molest or detain" order. (ECF No. 14, at 1). Plaintiff then raises

perceived procedural issues surrounding the methamphetamines he was found with. (ECF No. 14, at 1).

On June 14, 2024, Plaintiff filed a supplement to his objections. (ECF No. 15). Plaintiff's supplement is titled "Ineffective Assistance of Counsel" and appears to be targeted towards what the Court assumes is his counsel during Plaintiff's criminal trial proceedings. (ECF No. 15, at 1). In the only relevant part of the supplement, Plaintiff states that his criminal defense counsel should have raised the "fact" that Plaintiff was a sovereign citizen at Plaintiff's criminal proceedings. (ECF No. 15, at 1).

## II. STANDARD OF REVIEW

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether *pro se* objections are specific." *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v.*

3

*Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046. Alternatively, if the Plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at *2; *see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at *1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where Plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021 WL 916925, at *3 (N.D. Iowa Mar. 10, 2021) (explaining that *de novo* review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)). The Court will review Judge Bryant's findings *de novo*.

### III. DISCUSSION

The Court agrees with Judge Bryant that Plaintiff appears to be alleging: (1) that his due process rights were violated because his perceived status as a non-citizen; (2) that Defendants defamed him; and (3) that he believes his rights were violated regarding the methamphetamines on the side of the road and that his arrest was unconstitutional.

#### A. Perceived Non-Citizen Status Violations

*Pro se* pleadings must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

4

This does not mean, though, that the Court must assume facts that have not been alleged or construct a legal theory based on facts that were not pleaded. *Id.*; *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *16 (D. Minn. Sept. 23, 2015). Rather, it is the *pro se* party's obligation to "allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d, at 914. "Deference to a *pro se* party does not require that the court assume the role of advocate for the *pro se* litigant." *Munt*, 2015 WL 5673108, at *16. Moreover, even when afforded liberality, *pro se* litigants still must comply with substantive and procedural law. *Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

Plaintiff fails to allege any facts that would support a constitutional claim regarding a perceived non-citizen status. In support of this claim, Plaintiff merely states that he is not a U.S. citizen and that his passport contains "do not detain and do not mess with." (ECF No. 11, at 1). The Court agrees with Judge Bryant that this is simply not enough to make a plausible constitutional claim. Further, from Plaintiff's objection supplement it would appear that Plaintiff subscribes to the sovereign citizen ideology and that his perceived sovereign citizen status is his basis for claiming he is a non-citizen.[1] (ECF No. 15, at 1). The Eighth Circuit has long held that claims and arguments based on sovereign citizen ideology are inherently frivolous and are a waste of judicial resources. *See United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992) (ruling that sovereign citizen claims in the case were without merits, patently frivolous, and should be rejected without wasting anymore of the Court's resources on their discussion); *see also Engel v. Corizon*, No. 4:20-CV-1744-HEA, 2021 WL 1105351, at *3 (E.D. Mo. Mar. 23, 2021) ("Arguments based upon sovereign citizen ideology have been summarily rejected as

---

[1] In his supplement, Plaintiff states his counselor "should have raised the fact [I] [was] a Sovereign Citizen." (ECF No. 15, at 1). *See generally* Federal Bureau of Investigation Domestic Terrorism Unit, *Sovereign Citizens: An Introduction for Law Enforcement*, available at https://info.publicintelligence.net/FBI-SovereignCitizens.pdf (last accessed May 1, 2025); *see also United States v. Graham*, No. 19-CR-1852 SRN/KMM, 2020 WL 614808, at *4 n.1 (D. Minn. Feb. 10, 2020).

5

frivolous and irrational in this Circuit and in other federal courts around the nation"). Thus, the Court finds that Plaintiff has failed to allege any plausible citizenship constitutional claim regardless of the basis for his perceived non-citizen status.

### B. Defamation

The Court agrees with Judge Bryant that Plaintiff's defamation claim is improper. "[A] defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellinburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975); *see also Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981) ("[D]efamation, per se, is not actionable under section 1983."). "Claims for defamation and slander are not cognizable under [section] 1983." *Miner v. Brackney*, 719 F.2d 954, 955 (8th Cir. 1983) (per curium). Thus, the Court finds that Plaintiff's defamation claim against Defendants fails as a matter of law.

### C. Criminal Conviction Challenges

The main thrust of Plaintiff's second Amended Complaint and objection appear to revolve around his underlying criminal case. Plaintiff repeatedly argues throughout his filings that he should not have been arrested and that evidence from his state criminal trial was tainted. However, the remedy of release from custody is not available in an action brought pursuant to 42 U.S.C. § 1983, like this case. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973). Rather, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. Thus, the Court finds that Plaintiff's claims are barred to the extent that he is attempting to seek relief from his conviction.

Further, Plaintiff initially requests five million in damages but states in his objection that he would like to allow the Court to assign damages as it sees fit. (ECF No. 11, at 1; ECF No. 14, at 2). The Court agrees with Judge Bryant that such damage claims are improper if brought because of an alleged unconstitutional conviction or imprisonment unless they meet the requirements set out in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a prisoner may not recover damages in a section 1983 suit if the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the plaintiff has shown the conviction or sentence was reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *see also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Absent such a favorable disposition of the charges or conviction, a plaintiff may not use section 1983 to cast doubt on the legality of his conviction or confinement, and the claims must be dismissed. *See Heck*, 512 U.S. at 486-87. Plaintiff has provided no evidence or allegations that would support a finding that his damage claims meet the *Heck* requirements. Thus, the Court finds that Plaintiff's claim for damages is improper to the extent that Plaintiff is requesting damages for a perceived unconstitutional conviction or imprisonment.

## IV. CONCLUSION

Upon *de novo* review, the Court hereby adopts the R&R (ECF No. 13) *in toto*. Accordingly, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(b)(1) and that Plaintiff's case should be and hereby is **DISMISSED WITHOUT PREJUDICE**

**IT IS SO ORDERED**, this 19th day of May, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge